**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARLOS OLIVER GORDON et al,<br>*Plaintiffs*,<br>v.<br>UNITED MEDICAL CENTER,<br>*Defendant*. | Civil Action No. 25-3764 (UNA) |

**MEMORANDUM**

Plaintiffs, proceeding pro se, have filed this case against United Medical Center in Washington, D.C., and each seeks leave to proceed in forma pauperis (IFP). For the following reasons, the Court grants the IFP applications and dismisses the case.

Plaintiffs are a mother and son residing in Washington, D.C., who seek to hold Defendant liable for the death of the son's father. They allege that on February 27, 2015—over ten years ago—the mother visited the father in Defendant's intensive care unit. When she returned the next day, the father "was pronounced dead – with no family members' consent or awareness of him being taken off life support." Compl., ECF No. 1 at 1. Claiming medical malpractice, negligence, and wrongful death, Plaintiffs seek a total of $22 million for their pain and suffering. Am. Compl., ECF No. 5 at 1.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same

state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

The diversity statute provides the basis for exercising subject-matter jurisdiction over the claims asserted. Plaintiffs have not satisfied their burden "to allege the domicile and citizenship" of each party, *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990), and "an allegation of residence alone" does not suffice, *Novak v. Capital Management and Development Corp*., 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). That said, the Complaint lists the addresses for each party in Washington, D.C., which "raises the concern that there might not be complete diversity[.]" *Novak*, 452 F.3d at 906. Therefore, this case will be dismissed. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 7, 2026